IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BEAU MCPHAIL**                                                                                                            **PLAINTIFF**

**V.**                                                                   **NO. 4:23-CV-174-DMB-DAS**

**PERCY L. LYNCHARD**                                                         **DEFENDANT**

**ORDER**

On September 8, 2023, Beau McPhail filed in the United States District Court for the Northern District of Mississippi a pro se "Petition for Declaratory and Injunctive Relief" against "Honorable State Court Judge Percy L. Lynchard" alleging various claims related to child custody and child support determinations associated with his parents' divorce. Doc. #1. According to the petition, McPhail "at all times relevant … was a minor child subject of a child custody civil suit" who "remains a minor for a number of months." Doc. #1 at PageID 7, 22. Five days after the petition's filing, McPhail filed a pro se "Motion for Jurisdictionally Mandated Recusal." Doc. #4.

A minor child does not have the capacity to sue on his or her own behalf. *See* Fed. R. Civ. P. 17(c)(2) ("A minor … who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."). When a minor child attempts to sue without a next friend or guardian ad litem, a court should either (1) dismiss the case without prejudice so that the minor can refile with representation or refile when he or she reaches the age of majority, or (2) request counsel to represent the minor pursuant to 28 U.S.C. § 1915(e)(1) if the minor is indigent and the case presents "exceptional circumstances." *Pierson v. Allen*, No. CIV.A. 1:08-cv-208, 2009 WL 3049220, at *3 (S.D. Miss. Sept. 17, 2009); *see Osei-Afriyie v. Medical College*, 937 F.2d 876, 883 (3d Cir. 1991) (remanding case to district court to determine whether dismissal or appointment of counsel pursuant to 28 U.S.C. § 1915 was appropriate after concluding minor could not be

represented by pro se parent); *see also Bohannan v. Doe*, 527 F. App'x 283, 288 (5th Cir. 2013) ("A civil rights complainant has no right to the automatic appointment of counsel unless the case presents exceptional circumstances.").

To the extent McPhail is a minor who, as of the date his petition was filed, had not reached the age of majority and is not represented by counsel, he must sue by a next friend or guardian. Accordingly, within fourteen (14) days of the entry of this order, McPhail is **ORDERED TO SHOW CAUSE** why this case should not be dismissed without prejudice for his lack of capacity to sue. If McPhail's capacity to sue can be properly established, within the same fourteen-day period, an amended petition may be filed to address the capacity issue. Given the pending capacity issue, McPhail's "Motion for Jurisdictionally Mandated Recusal" [4] is **DENIED without prejudice**.[1]

**SO ORDERED**, this 22nd day of September, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] If McPhail lacks capacity to sue, he also lacks capacity to seek any relief from the Court in this case.